UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------- x
SAUNDERS VENTURES, INC., d/b/a       :
SAUNDERS & ASSOCIATES,               :   Civil Action No.
                                     :   15-06925(LDW)(ARL)
                    Plaintiff,       :
                                     :   **STIPULATED PROTECTIVE**
       - against -                   :   **ORDER**
                                     :
MEG SALEM, a/k/a MARGARET SALEM,     :
COMPASS HAMPTONS, LLC, and URBAN     :
COMPASS, INC., d/b/a COMPASS,        :
                                     :
                    Defendants.      :
---------------------------------- X

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, by their undersigned counsel, and "So-Ordered" by the Court, as follows:

1. This Stipulated Protective Order shall apply to all information disclosed by any party during the course of the above-captioned action ("Action"), including but not limited to deposition testimony, responses to discovery requests, documents and things produced in response to discovery requests, documents and things produced in accordance with the January 28, 2016 stipulation among the parties, and other information disclosed during discovery or at the trial of the Action ("Discovery Material").

2. "Protected Material" shall include all Discovery Material designated "Confidential" or "Highly Confidential," as described below:

    a. Any party producing or disclosing Discovery Material (hereinafter, the "Producing Party") may designate as "Confidential" any Discovery Material or portions thereof that the producing party believes, in good faith, constitutes or contains private personal, medical or financial information; proprietary information; confidential business strategies, research or development

2

information; private competitively sensitive information; information required by law to be maintained in confidence by any person; and information protected from disclosure by government regulations, together with all copies, abstracts, charts, summaries, and notes made from materials designated as Confidential.

    b. A Producing Party may designate as "Highly Confidential" any Discovery Material or portions thereof that the producing party believes, in good faith, meets the criteria for designation as "Confidential" and constitutes or contains non-public information that is so highly personal, confidential, proprietary, or commercially or competitively sensitive, including but not limited to sensitive technical, marketing, financial, sales, pending domestic and foreign patent applications, and trade secrets, that the disclosure of which would, in the good faith judgment of the Producing Party, create a substantial risk of serious injury that warrants "Highly Confidential" treatment.

3. A party or its counsel may designate as "Confidential" or "Highly Confidential" any documents or other tangible Protected Material by:

    a. advising the other party in writing of such "Confidential" or "Highly Confidential" designation prior to, concurrently with, or within five (5) days following the disclosure of the documents or other tangible Protected Material to the other party; or

    b. marking the materials "Confidential" or "Highly Confidential."

4. A party or its counsel may designate testimony as "Confidential" or "Highly Confidential" by any one of the following means:

    a. stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is the testimony is "Confidential" or "Highly Confidential"; or

    b. sending written notice designating the portions of the transcript of the testimony to be treated as "Confidential" or "Highly Confidential" within thirty (30) days after receipt of the transcript, during which period said testimony shall be treated as designated Highly Confidential.

5. Any Saunders material returned to Plaintiff pursuant to the temporary restraining order of the Hon. Leonard B. Wexler dated December 7, 2015 are not Discovery Materials and shall not be designated as Protected Materials by any Defendants.

6. All other provisions of the foregoing paragraphs notwithstanding, a party may retroactively designate previously produced Discovery Material as "Confidential" or "Highly Confidential" provided that such retroactive designation shall be effective only in the case of inadvertent failure to so designate the Discovery Material when originally produced by the party seeking the retroactive designation, and said party or its counsel shall certify in writing the fact of such inadvertent failure to designate before any retroactive designation shall be effective.

7. The disclosure of Protected Material by the Producing Party, regardless of whether the information was designated as "Confidential" or "Highly Confidential" at the time of disclosure, shall not be treated as a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject.

8. Protected Material, and the information contained therein, shall be maintained in confidence by the party to whom such Protected Material is produced and shall not be disclosed to

any person except as explicitly permitted by this Stipulated Protective Order. For the avoidance of doubt, Protected Material shall not be (a) published or publicly filed in any forum or format, or (b) copied, distributed, or otherwise disseminated except as described below.

9. Discovery Material marked or otherwise designated "Confidential" shall not be disclosed to any person except:

 a. the Court, including personnel such as clerks and stenographers;

 b. any mediator chosen by the parties or designated by the Court;

 c. counsel (including in-house counsel) for a party, including the partners, associates, legal assistants, clerical or other support staff routinely employed by such counsel and working under the express direction of such counsel;

 d. the parties to this Action, including their officers and employees;

 e. as to any document, its author, its addressee, and any other person indicated on the face of the document or its metadata as having received a copy or for which foundation is otherwise laid establishing knowledge of the information therein;

 f. accountants, consultants, and experts retained by a party, provided that such accountant, consultant, or expert is not a business competitor of or consultant or business advisor to any business competitor of either party to this action;

 g. independent experts, vendors, and consultants engaged by counsel or the parties to assist in this Action, provided that such expert has read this Stipulated Protective Order and signed an acknowledgement substantially in the form of Exhibit A annexed hereto;

 h. any non-party witness not otherwise included in the preceding subsections who counsel for a party believes may be called to testify at trial or deposition in this

5

    Action, provided that such witness has read this Stipulated Protective Order and signed an acknowledgement substantially in the form of Exhibit A annexed hereto; and

  i. any other person, upon written consent of the Producing Party or as ordered by the Court, provided that such person has read this Stipulated Protective Order and signed an acknowledgement substantially in the form of Exhibit A annexed hereto.

10. Discovery Material marked or otherwise designated as "Highly Confidential" shall not be disclosed to any person except:

  a. the Court, including personnel such as clerks and stenographers;

  b. any mediator chosen by the parties or designated by the Court;

  c. retained outside counsel, including the partners, associates, legal assistants, clerical or other support staff routinely employed by such counsel and working under the express direction of such counsel;

  d. as to any document, its author, its addressee, and any other person indicated on the face of the document or its metadata as having received a copy or for which foundation is otherwise laid establishing knowledge of the information therein;

  e. independent experts, vendors, and consultants engaged by outside counsel or the parties to assist in this Action, provided that such expert has read this Stipulated Protective Order and signed an acknowledgement substantially in the form of Exhibit A annexed hereto;

  f. any non-party witness no otherwise included in the preceding subsections who counsel for a party believes may be called to testify at trial or deposition in this

>   Action, provided that such witness has read this Stipulated Protective Order and signed an acknowledgement substantially in the form of Exhibit A annexed hereto; and
>
> g.  any other person, upon written consent of the Producing Party or as ordered by the Court, provided that such person has read this Stipulated Protective Order and signed an acknowledgement substantially in the form of Exhibit A annexed hereto.

11. Protected Material shall be used only for the purposes of this litigation and for no other purposes. Without limiting the generality of the foregoing, Confidential Discovery Material shall not be used for any business, commercial or competitive purposes whatsoever.

12. If Protected Material—or quotations from or references to such material—is to be included in papers filed with or otherwise disclosed to the Court or in argument to the Court, such papers or the transcripts of such argument shall be filed under seal with a notation that the material has been filed under seal to protect the confidentiality of the material, and provided to the Court in an envelope or container labeled "Confidential -- Subject to Confidentiality Stipulation and Protective Order," or "Highly Confidential -- Subject to Confidentiality Stipulation and Protective Order," bearing the caption of this action and indicating that the material enclosed is confidential, for use by the Court only, and is to be maintained under seal pursuant to the terms of the Stipulation and Order. Should the court require further clarification or a formal motion to seal, the producing party shall prepare and file such motion to protect its confidential material, and the opposing party reserve the right to oppose such motion.

13. Any party may disclose its own Protected Material. Any such disclosure is not a waiver of any other party's rights or obligations under this Stipulated Protective Order.

14. The parties do not waive any right to object to any discovery request or to the introduction or admission of evidence on any ground.

15. The inadvertent production of any documents or other information during discovery in this action is without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, and no party shall be held to have waived any rights by such inadvertent production. If a party provides written notice ("Notice") that a document or information previously produced by the Producing Party is privileged or protected work product and states the production was inadvertent, the receiving party ("Receiving Party") shall promptly return the protected document. If the Receiving Party objects to the return of the document, it shall serve a written objection ("Objection") on the Producing Party within three (3) business days of receipt of the Notice and shall not use the document or information pending a determination by the Court as to the propriety of the claim of privilege or other protection. Attorneys for the Receiving Party and the Producing Party shall confer in good faith to resolve the dispute without Court intervention. If the dispute is not resolved within ten (10) business days of the Producing Party's receipt of the Objection (or a shorter time if the producing or receiving party believes, in good faith, time is of the essence), either party may invoke the Court rules and procedures for raising discovery disputes.

16. Any party may challenge the propriety of the designation of Discovery Material as "Confidential" or "Highly Confidential." A party shall not be obligated to challenge the propriety of a confidential designation and a failure to do will not preclude a subsequent challenge of the propriety of such designation. In the event of a challenge, if the Producing Party does not agree to reclassify or declassify the Discovery Material, or if the parties do not otherwise informally resolve the dispute, the Receiving Party may move before the Court for an order reclassifying or

declassifying that Discovery Material, in which case the Producing Party has the burden of establishing the Discovery Materials were designated properly. Until a determination by the Court to the contrary, the Discovery Material shall be treated as having been properly designated. If no such motion is made, the Discovery Material shall continue to be treated as classified unless and until the Court rules otherwise.

17. Within thirty (30) days of the conclusion of this action (including all appeals and further proceedings resulting therefrom), the originals and all copies of Discovery Material designated as Confidential or "Highly Confidential" shall be returned to the Producing Party or destroyed, except that one copy of Discovery Material designated as Confidential or "Attorneys' Eyes Only" and appended to court filings may be retained by counsel for record in this Action. If a party chooses to destroy Discovery Material designated as Confidential or "Attorneys' Eyes Only" to comply with this paragraph, the destroying party shall certify in writing its compliance.

18. This Stipulation and Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney/client privilege or attorney work product immunity, or any other protection provided under the law.

19. Any party may seek additional protection or disclosure for Discovery Material designated as Confidential or "Highly Confidential."

20. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the Producing Party, either return or destroy all Confidential Discovery Material it has received, and all material that contains or refers to Confidential Discovery Material. Notwithstanding the foregoing, outside counsel for the parties shall be entitled to maintain copies of all pleadings, motions and trial briefs, written discovery requests and responses, deposition

transcripts, trial transcripts, and exhibits offered into evidence at any hearing or trial, and their attorney work product containing or referring to any Confidential Discovery Material, for archival purposes only.

21. If at any time Confidential Discovery Material is subpoenaed or ordered by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall give prompt written notice thereof to every party who has produced such material with an opportunity to object to the production of such material, and shall take all reasonable measures to have such documents treated in accordance with the terms of this Stipulated Protective Order.

22. The parties agree to be bound by the terms of this Stipulated Protective Order as of the date the agreement has been counter-executed by the parties, even if prior to entry of this Order by the Court.

23. This Stipulation and Order may be executed by the parties in counterparts.

Dated: May 18, 2016                                    Dated: May 20, 2016

**FARRELL FRITZ, P.C.**                                **KIRKLAND & ELLIS LLP**

 /s/ **John P. McEntee**                                /s/ **Eric F. Leon**
By:  John P. McEntee                                   By:  Eric F. Leon, P.C.
     Steven N. Davi                                         Atif Khawaja
*Attorneys for Plaintiff*                                   Jonathan Schoepp-Wong
1320 RXR Plaza                                         *Attorneys for Defendants Compass*
Uniondale, New York 11556                              *Hamptons, LLC and Urban Compass,*
Tel.: 516-227-0700                                     *Inc., d/b/a Compass*
                                                       601 Lexington Avenue
                                                       New York, New York 10022
                                                       Tel.: 212-446-4800

10

Dated: May 20, 2016

**ROBERT L. FOLKS & ASSOCIATES, LLP**

**  /s/ Robert L. Folks          **
By:  Robert L. Folks
*Attorneys for Defendant*
*Meg Salem a/k/a Margaret Salem*
510 Broad Hollow Road, Suite 304 A
Melville, New York 11747
Tel.: 631-845-1900

-and-

Frank J. Marallo, Jr., Esq.
Harris Beach PLLC
538 Broadhollow Road, Suite 301
Melville, New York 11747
Tel.: 516-222-0222

SO ORDERED this ___ day of May, 2016 in
Central Islip, New York

_____
         Hon. Arlene Rosario Lindsay, USMJ

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – x
SAUNDERS VENTURES, INC., d/b/a            :
SAUNDERS & ASSOCIATES,                    :       Civil Action No.
                                          :       15-06925(LDW)(ARL)
                        Plaintiff,        :
                                          :
                                          :
        - against -                       :
                                          :
                                          :
MEG SALEM, a/k/a MARGARET SALEM,          :
COMPASS HAMPTONS, LLC, and URBAN          :
COMPASS, INC., d/b/a COMPASS,             :
                                          :
                        Defendants.       :
– – – – – – – – – – – – – – – – – – – – – – – – – – – X

**AGREEMENT TO BE BOUND BY**
**STIPULATED PROTECTIVE ORDER**

       I, _____, do solemnly swear or affirm that I have read the attached Stipulated Protective Order ("Order") in the action entitled *Saunders Ventures, Inc., d/b/a Saunders & Associates v. Meg Salem, a/k/a Margaret Salem, et al*, Docket No. 15-06925 (LDW)(ARL), pending in the United States District Court for the Eastern District of New York as captioned above. I understand and am fully familiar with the terms of this Order and I certify my understanding that "Confidential" and/or "Highly Confidential" information is being provided to me pursuant to the terms and restrictions of the Order.

       I hereby agree to comply with and be fully bound by the terms and conditions of the Order. I understand that if I violate the Order I may be subject to sanctions or contempt of court proceedings. I hereby consent to jurisdiction of United States District Court for the Eastern District of New York for the purposes of enforcing the Order.

Dated: _____          By:_____

                                                                    Print Name:_____

                                                                    Company/Title:

_____